### NEW YORK, N. H. & H. R. CO. v. BRANSTEETER.

### (Circuit Court of Appeals, Second Circuit.   November 11, 1912.)

### No. 74.

1. APPEAL AND ERROR (§ 1002*)—FINDINGS—CONFLICTING EVIDENCE—REVIEW.

   A verdict finding that a running board on the top of a car, from which plaintiff slipped and was injured, was defective, in that it was so tilted as not to be reasonably safe for its purpose, based on conflicting evidence, will not be reversed on appeal.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. MASTER AND SERVANT (§ 289*)—INJURIES TO SERVANT—RAILROAD—DEFECTIVE RUNNING BOARD—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

   In an action for injuries to a brakeman by slipping from a tilted running board on the top of a car, which was covered with ice, while he was reaching to recover his lantern, whether he was negligent was for the jury.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–1132; Dec. Dig. § 289.*]

3. MASTER AND SERVANT (§ 288*)—INJURIES TO SERVANT—RAILROADS—BRAKEMAN—ASSUMED RISK—DEFECTIVE RUNNING BOARD.

   Where plaintiff, a brakeman, slipped from a defective running board, which was covered with ice, as he reached to recover his lantern, which had started to slip from the car as he was releasing the brake, and it appeared that he did not know of the defect until the emergency of having to recover the lantern arose, plaintiff did not assume the risk as a matter of law.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1005. 1068–1088; Dec. Dig. § 288.*

   Assumption of risk incident to employment see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

In Error to the District Court of the United States for the Southern District of New York; George C. Holt, Judge.

Action by Emil Bransteeter against the New York, New Haven & Hartford Railroad Company.   Judgment for plaintiff, and defendant brings error.   Affirmed.

This cause comes here upon writ of error to review a judgment entered upon a verdict in favor of defendant in error, who was plaintiff below.   The action was brought by a brakeman, to recover for personal injuries resulting from a fall from the top of a box car while his train was standing in

---

the New Haven yard. The accident happened on a dark sleety night, when the falling rain froze as it fell, and the top of the cars and the running boards thereon were coated with ice. He was engaged in releasing a brake, and, finding the dog frozen, placed his lantern on the running board of the car in front till he could disengage the dog. As he released the brake, the lantern slipped. He tried to recover it, but it had gone to one side of the roof, and to get it he had to step on the running board and reach over. As he did this, his foot went from under him, and he fell.

Charles M. Sheafe, Jr., and W. L. Barnett, both of New York City (Nathaniel S. Corwin, of New York City, of counsel), for plaintiff in error.

Thomas J. O'Neill, of New York City (L. F. Fish, of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. [1] The first contention of the defendant is that there is no proof that any defect in the running board was the cause of the accident. The plaintiff testified that the running board was composed of two planks, each 5 to 8 inches wide, laid side by side, with a space between them; that one of these planks, the one on which he slipped, instead of being substantially level, as it should be, was inclined from 1 to 1½ inches. He described it as being bent or broken down on the outer edge to the extent indicated. If there were such a distortion, it is apparent that, if the surface of the board was coated with ice, the liability of one's foot to slip when placed upon it when thus inclined would be materially increased. The plaintiff was the only witness who testified to this distortion of the board, and a car inspector, who looked at the board immediately after the accident, contradicted him; but the conflict of testimony thus presented was sent to the jury under a charge which cautioned them to be very careful in weighing the evidence, and instructed them most carefully as to the law of the case. We do not see how we could reverse their finding that the board was tilted so much as to be not reasonably safe for its purpose.

[2] We do not understand that defendant now contends that plaintiff was guilty of any contributory negligence, in standing on the board and reaching over to recover his lantern. If such contention were made, it is sufficient to say that on the testimony that question was one for the jury to pass upon, and their finding that he was not negligent cannot be disturbed.

[3] It is contended that the bending in the board was open and obvious, and that in going thereon plaintiff assumed the risk as a matter of law. But the testimony was that he did not know of the defect until the emergency arose of having to recover his lantern. The court charged the jury as requested by the defendant as to assumption of risk, and they found, evidently, that the defect was not so open and obvious that plaintiff could be held to have assumed any risk in stepping on the board, other than the risk of finding ice on a board normally horizontal. This conclusion we see no reason to disturb.

The judgment is affirmed.